IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE LEE WHITE, #140 147,     ) | |
|                                      ) | |
|     Plaintiff,                   ) | |
|                                      ) | |
|     v.                               ) | CIVIL ACTION NO. 2:14-CV-359-MEF |
|                                      ) | [WO] |
|                                      ) | |
| ALABAMA DEPARTMENT OF    ) | |
| CORRECTIONS,              ) | |
|                                      ) | |
|     Defendant.                ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Plaintiff, a state inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama. In this civil action, Plaintiff alleges that from 1997 to the present prison personnel at the Limestone Correctional Facility have discriminated against him because of his HIV-positive status by segregating him from other inmates and prohibiting his participation in critically important prison programs, involuntarily disclosed his HIV-positive status in violation of medical ethics and human rights causing stigmatization, violated his rights under the Americans with Disabilities Act, and violated his rights under the Rehabilitation Act. *Doc. No. 1, Statement.* Plaintiff names the Alabama Department of Corrections as the defendant and alleges in the complaint that Commissioner Kim

Thomas may not subject him to acts or omissions sufficiently harm[ful]. *Id*. at 3.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.[1]

## II.  DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the action about which Plaintiff complains occurred in the Northern District of Alabama.  In addition, individuals with personal knowledge of the alleged violation of Plaintiff's constitutional rights reside in the Northern District of Alabama.  To the extent Plaintiff intends to name Kim Thomas

---

[1] Plaintiff has filed an application for leave to proceed *in forma pauperis*.  However, under the circumstances of this case, the court concludes that  assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

as a defendant, the court notes that although by virtue of his position as Commissioner of the Alabama Department of Corrections he resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state.[2]  It is therefore clear that the witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that **on or before June 9, 2014**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

---

[2] In transferring this case, this court makes no determination with respect to the merits of Plaintiff's claims for relief against any named defendant.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of May 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE